UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| JENNY LIAO,<br>ON BEHALF OF HERSELF AND ALL OTHERS<br>SIMILIARLY SITUATED<br><br>       Plaintiff,<br>  v<br><br>DANIELS NORELLI SCULLY & CECERE, P.C.,<br><br>       Defendant. | Civil Action, File No.<br>1:17-cv-07080-PAE |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Jenny Liao [hereinafter "Liao"], on behalf of herself and all others similarly situated by and through her attorney, Mitchell L. Pashkin, Esq., complains of Defendant Daniels Norelli Scully & Cecere, P.C. [hereinafter "Daniels"], and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Daniels' regular transaction of business within this district.  Venue in this district also is proper based on Daniels possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district.  Daniels also derives substantial revenue from services rendered in this district.  The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this

Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Daniels is a New York State Professional Corporation with a principal place of business located at 272 Duffy Avenue, Hicksville NY 11801.

6. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. Pursuant to New York City Local Law No. 15, a Debt Collection Agency includes any attorney-at-law or law firm engaging in traditional debt collection activity. See also Eric M. Berman, P.C. v. City of N.Y., 796 F.3d 171 (2nd Cir., 2015).

7. Daniels possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

8. Based upon the allegations in the above two paragraphs as well as Exhibit A, the principal purpose of Daniels is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another; and Daniels is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. Liao is a natural person who resides at 45 Park Terrace West, Apt. #5H, New York, NY 10034.

10. Liao is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

11. Daniels issued the third through fifth pages of Exhibit A to enforce a Judgment against Liao.

12. The Judgment was obtained against Liao in the case of Chase Manhattan Bank USA NA vs. Jenny X. Liao, Index No. CV-034529-04/NY, Civil Court of the City of New York, County

of New York ("State Court Action"). See Exhibit B.

13. Chase Manhattan Bank USA NA is an entity that issues credit to individuals for them to use for personal, family or household purposes. Therefore, since the Judgment was obtained in a lawsuit brought against Liao by Chase Manhattan Bank USA NA and Daniels, via Exhibit A, attempted to enforce this Judgment against Liao in her individual capacity, the alleged past due debt which was the subject of the aforementioned Judgment arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

## FIRST CAUSE OF ACTION-CLASS CLAIM

14. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

15. Daniels issued the third through fifth pages of Exhibit A to enforce a Judgment.

16. The Judgment was obtained against Liao in the case of <u>Chase Manhattan Bank USA NA vs. Jenny X. Liao</u>, Index No. CV-034529-04/NY, Civil Court of the City of New York, County of New York ("State Court Action").

17. The third page of Exhibit A sets forth that the Judgment Creditor is CACH, LLC and that the Judgment Creditor obtained the Judgment against Liao.

18. The Judgment was not obtained by the Judgment Creditor, but was obtained by Chase Manhattan Bank USA NA and subsequently assigned to CACH, LLC.

19. By setting forth in the third page of Exhibit A that the Judgment Creditor obtained the Judgment against Liao when in fact the Judgment was not obtained by the Judgment Creditor but was obtained by Chase Manhattan Bank USA NA., Daniels' issuance of the third through fifth pages of Exhibit A amounted to a violation by Defendant of 15 USC

1692e, 15 USC 1692e(2)(A), 15 USC 1692e(3), and 15 USC 1692e(10).

## SECOND CAUSE OF ACTION-CLASS CLAIM

20. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

21. Daniels issued the third through fifth pages of Exhibit A to enforce a Judgment.

22. The party which filed the lawsuit which resulted in the Judgment and obtained the Judgment was Chase Manhattan Bank USA NA in the case of <u>Chase Manhattan Bank USA NA vs. Jenny X. Liao</u>, Index No. CV-034529-04/NY, Civil Court of the City of New York, County of New York ("State Court Action"); and Chase Manhattan Bank USA NA subsequently assigned the Judgment to CACH, LLC.

23. Per NY CPLR 5230 and 5231, the first page of Exhibit A was required to "specify the names of the parties in whose favor and against whom the judgment or order was entered".

24. The first page of Exhibit A sets forth the caption of the lawsuit which resulted in the Judgment against Liao, and sets forth in the caption that the Judgment Creditor is CACH, LLC.

25. Setting forth in the caption of the first page of Exhibit A that the Judgment Creditor is CACH, LLC amounts to a representation that CACH, LLC was the party that filed the lawsuit which resulted in the Judgment or amounts to a representation that CACH, LLC was the party that obtained the Judgment.

26. As a result of the above, Daniels' issuance of the third through fifth pages of Exhibit A amounted to a violation by Defendant of 15 USC 1692e(5), 15 USC 1692e, 15 USC 1692e(2)(A), 15 USC 1692e(3), and 15 USC 1692e(10).

## THIRD CAUSE OF ACTION-CLASS CLAIM

27. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

28. The third through fifth pages of Exhibit A contained information regarding a debt allegedly owed by Liao including but not limited to the amount allegedly owed, a statement that Liao owed the specified amount of money, and the details regarding the Judgment and State Court Action.

29. Daniels issued the third through fifth pages of Exhibit A to the Marshal for the Marshal to serve Exhibit A on Liao; and as shown by the first two pages of Exhibit A, the Marshal served Exhibit A on Liao.

30. Pursuant to 15 U.S.C. § 1692a(2), "[t]he term "communication" means the conveying of information regarding a debt directly or indirectly to any person through any medium."

31. The third through fifth pages of Exhibit A was a "communication" as defined by 15 U.S.C. § 1692a (2).

32. The third through fifth pages of Exhibit A was Daniels' only or first "communication" to Liao; and therefore, Daniels failed to send to Liao the written notice required by 15 U.S.C. § 1692g.

33. Based on the above allegations, Defendant violated 15 U.S.C. § 1692g by issuing the third through fifth pages of Exhibit A to the Marshal.

## FOURTH CAUSE OF ACTION-CLASS CLAIM

34. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

35. Daniels issued the third through fifth pages of Exhibit A to enforce a Judgment.

36. The Judgment was obtained against Liao in the case of <u>Chase Manhattan Bank USA NA vs. Jenny X. Liao</u>, Index No. CV-034529-04/NY, Civil Court of the City of New York, County of New York ("State Court Action").

37. The Judgment was obtained by Chase Manhattan Bank USA NA and subsequently assigned to CACH, LLC.

38. Pursuant to common law as established by the New York courts in numerous cases, an assignee of a Judgment has no legal right to attempt to enforce a Judgment unless and until each prior owner of the Judgment has not notified the Judgment debtor of the assignment of the Judgment.

39. Liao did not receive notice of assignment of the Judgment from Chase Manhattan Bank USA NA.

40. Based on the above, Defendant violated 15 USC 1692e, 15 USC 1692e(2)(A), 15 USC 1692e(5), 15 USC 1692e(10), and/or 15 USC 1692f by issuing the third through fifth pages of Exhibit A.

## CLASS ALLEGATIONS

41. Plaintiff brings this action on behalf of a class, pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

42. The class consists of (a) all natural persons (b) against whom Daniels on behalf of CACH, LLC, (c) within 1 year prior to the filing of this lawsuit (d) attempted to enforce a Judgment originally obtained by Chase Manhattan Bank USA NA (e) via the issuance of an Income Execution in a form materially identical to the third through fifth pages of Exhibit A.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Defendant in favor of Plaintiff and the members of the class for statutory damages, actual damages in an amount to be determined at trial, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:   December 18, 2017

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107